UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIONDRE BARNES, </br> a/k/a DIONDRA BARNES,[1] </br> </br> Petitioner, </br> </br> v. </br> </br> DON ROPER,[2] </br> </br> Respondent. | ) </br> ) </br> ) </br> ) </br> ) </br> ) No. 4:06CV1442 TIA </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Diondre Barnes for a writ of habeas corpus under 28 U.S.C. § 2254. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### Procedural History

Petitioner, Diondre Barnes, is presently incarcerated at the Potosi Correctional Center located in Mineral Point, Missouri, pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis, Missouri. Petitioner was convicted of murder in the second degree and armed criminal action and sentenced to serve consecutive sentences of life imprisonment.

Petitioner was originally charged with first degree murder and armed criminal action. (Resp. Exh. C, pp. 12-13) After a trial by jury, the presiding judge declared a hung jury on January 14,

---

[1] Petitioner's federal pleadings indicate that his name is spelled Diondre. However, the state court records reflect a spelling of Diondra.

[2] Petitioner originally filed his case against James Purkett, a prior Warden of the Eastern Reception Diagnostic and Correctional Center, where Petitioner was originally confined. Because Petitioner is now housed at the Potosi Correctional Center, Don Roper, the Warden of that facility, is the proper party respondent. Therefore, the caption will reflect his name as the Respondent. 28 U.S.C. § 2254, Rule 2(a).

1998. (Resp. Exh. C, p. 122) After a second trial, the jury found Petitioner guilty of murder in the first degree and armed criminal action on August 7, 1998. (Resp. Exh. C, pp. 187-88) The trial court sentenced him to consecutive terms of life without parole and life imprisonment. (Resp. Exh. C, pp. 211-12) In his Motion for Judgment of Acquittal, Petitioner argued that the judge in the first trial had sustained the defendant's motion for judgment of acquittal on the crime of first degree murder, rendering the verdict a violation of double jeopardy. (Resp. Exh. C, pp. 198-208). On October 26, 1999, the Missouri Court of Appeals reversed the convictions and sentence, finding that the first trial court sustained the motion for judgment of acquittal and that retrial on the first degree murder charge was "barred by federal constitutional double jeopardy provisions." Barnes v. State, 9 S.W.3d 646, 651 (Mo. Ct. App. 1999). The court remanded the case to the trial court "for a retrial on the lesser included offenses of the charge of murder first degree and an armed criminal action charge related to the lesser included offenses." Id. at 651-52.

After the court granted Petitioner's Motion to Waive Jury Trial, the third trial commenced on November 27, 2000 and concluded November 28, 2000. (Resp. Exh. J, pp. 42-46) The court returned a verdict of guilty on the count of murder second degree and guilty on the count of armed criminal action and sentenced Petitioner to two consecutive life sentences. (Resp. Exh. J, pp. 46-50) Petitioner appealed, and on November 20, 2001, the Missouri Court of Appeals affirmed the sentence and conviction. (Resp. Exh. M) Petitioner then filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15 on March 11, 2002 and an amended motion on August 26, 2002. (Resp. Exh. N, pp. 3-8, 17-46) The motion court held an evidentiary hearing on October 24, 2003 and denied the Rule 29.15 motion on December 14, 2004. (Resp. Exh. N, pp. 53-57) Petitioner appealed the motion court's denial of post-conviction relief,

2

and the Missouri Court of Appeals affirmed on December 27, 2005. (Resp. Exh. Q) Petitioner then filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus in federal court on September 29, 2006.

## Discussion

In his federal petition, Petitioner raises one claim for habeas relief. Petitioner contends that his conviction for second degree murder violates Double Jeopardy because the state court acquitted him of first-degree murder during his first trial. Respondent asserts that Petitioner's claim lacks merit.

The undersigned agrees with the Respondent and finds that the petition should be dismissed. Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a

3

federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

In this case, the determination of the state court was not contrary to, nor did it involve an unreasonable application of, federal law. The Missouri Court of Appeals affirmed Petitioner's judgment and convictions and found that no jurisprudential purpose would be served by a written opinion. (Resp. Exh. M) During Petitioner's first trial, the trial judge granted the Petitioner's motion for acquittal, stating, "I will sustain the Motion for the defense in terms of Murder First Degree. I don't believe that any deliberation has been provided in the case, so I'm going to do that, sustain it as to the charge of Murder First Degree." (Resp. Exh. A, p. 175) The court then continued to hear evidence. At the close of both the first and second trials, the jury received instructions on second degree murder as well as first degree murder. (Resp. Exh. C, pp. 104-105, 174-175) As previously stated, the first judge declared a hung jury and dismissed the jury, and the second trial resulted in a conviction for first degree murder. (Resp. Exh. C, pp. 122, 187) However, because the first judge acquitted Petitioner of murder in the first degree, the Missouri Court of Appeals found that the conviction on that charge violated double jeopardy, and the court remanded the case for trial on the lesser included offense of second degree murder. Barnes v. State, 9 S.W.3d 646, 651-2 (Mo. Ct. App. 1999).

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" United States v. Howe, 538 F.3d 820, 824 (8th Cir. 2008) (quoting U.S. Const. amend V). Thus, "once jeopardy has attached and terminated as to a particular offense, the government may not bring a new prosecution or punish the defendant again for the same offense." Id. (citation omitted). "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" Brown v. Ohio, 432 U.S. 161, 165 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 719 (1969)).

In the instant case, however, Petitioner was acquitted only of first degree murder, not second degree murder. The trial judge stated that the State failed to prove "deliberation," which is a necessary element of first degree murder. The trial continued, however, on the lesser included offense of second degree murder and resulted in a hung jury.

The Supreme Court of Missouri has specifically held that "a defendant may be retried on a lesser offense following a reversal of a conviction of the greater offense . . ." State v. O'Brien, 857 S.W.2d 212, 221 n.3 (Mo. 1993) (en banc). In O'Brien, the court found that double jeopardy was not offended by the retrial of defendant because he was not tried again for the same crime but, rather, for the lesser offense of second degree felony murder. Id. at 221. The court found that the jury did not reach the issues raised by the lesser offense because it was improperly allowed to find the defendant guilty on the first degree murder charge and thus remanded the case for a new trial on the lesser offense. Id. at 220. The O'Brien court stated that "[d]ouble jeopardy is not offended by the retrial of a defendant who has succeeded in having his conviction overturned on appeal." Id. at 221

5

(citation omitted).

In United States v. Howe, defendant argued that a new trial for kidnapping was barred by the Fifth Amendment because kidnapping was a lesser included offense of felony murder, for which the defendant was acquitted. 538 F.3d 821, 825 (8th Cir. 2008). The jury was "hung" on the kidnapping count in the first trial. Id. at 823-4. The Eighth Circuit Court of Appeals disagreed with defendant's argument, stating that "a defendant may generally be retried on charges that resulted in a hung jury at his first trial." Howe, 538 F.3d at 825 (citation omitted). Specifically, "a mistrial granted for manifest necessity because the jury is unable to reach a verdict is not a jeopardy-terminating event." Id. (citation omitted). "[A] defendant remains in continuing jeopardy after prosecution for an offense that results in a hung jury, and he can usually be retried for the "same" offense without offending the Fifth Amendment." Id. The Howe court reasoned that where "the greater and lesser offenses were properly included in the original indictment and tried together in a single trial, . . . the courts have uniformly concluded that jeopardy continues as to the lesser offense, notwithstanding the defendant's acquittal on the greater offense." Id. at 826-7 (citations omitted).

In the instant case, the State was attempting to complete a single prosecution for both first degree murder and the lesser included offense of second degree murder. While the undersigned is aware that the double jeopardy clause prohibits a successive trial on an offense not charged in the in the original indictment once jeopardy has already terminated on the same offense, such is not the case here. Howe, 538 F.3d at 826. "'Every information or indictment puts the defendant on notice, for due process purposes, of all offenses included in the offense charged.' . . . Conventional second degree murder is a lesser-included offense of first-degree murder. . . . Therefore, [Petitioner] had notice that he could be convicted of conventional second-degree murder." State v. Kohser, 46

6

S.W.3d 108, 113 (Mo. Ct. App. 2001) (quoting State v. Hibler, 5 S.W.3d 147, 150 (Mo. 1999) (en banc) (internal citations omitted). Thus, the mistrial on the second degree murder and the armed criminal action did not terminate the continuing jeopardy, and the State properly retried Petitioner on the lesser included offense, notwithstanding the prior acquittal on the greater offense of first degree murder. Howe, 538 F.3d at 827.

Petitioner relies on Sanabria v. United States, 437 U.S. 54 (1978) to argue that the acquittal on the first degree murder charge also applied to any lesser included offenses. However, that case pertained to successive trials of the same offense. Id. at 74. As stated above, jeopardy never terminated as to the second degree murder and armed criminal action charges, so Petitioner's trials were not successive and did not violate the Double Jeopardy Clause. Therefore, the undersigned finds that the determination of the State court was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Therefore, Petitioner's claim lacks merit, and this Court will deny his petition for habeas relief.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Diondre Barnes for a writ of habeas corpus is **DISMISSED** without further proceedings.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 2253 and Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), that no certificate of appealability shall issue from this Court.

      /s/ Terry I. Adelman  
      UNITED STATES MAGISTRATE JUDGE

Dated this  9th  day of September, 2009.